Chisholm P. Wight SBN 338563
**CHISHOLM WIGHT LAW**
1759 Oceanside Blvd. Ste C #159
Oceanside, CA 92054
Telephone: (760) 978-8037
Chisholmwight1@gmail.com

Attorney for Plaintiff CHISHOLM S. WIGHT

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHISHOLM S. WIGHT<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF OCEANSIDE a public entity; OCEANSIDE POLICE DEPARTMENT a public entity; FRED ARMIJO an individual, DANIEL POST an individual, RYAN HEINZE an individual, K9 OFFICER CISNEROS an individual, and DOES 1 through 50 inclusive,<br><br>Defendants. | Civil Action No.: **'23CV0540 AJB NLS**<br><br>**PLAINTIFF'S COMPLAINT AGAINST DEFENDANTS FOR:**<br>1. **DEPRIVATION OF CIVIL RIGHTS PURSUANT TO 42 U.S. CODE § 1983, RACIAL PROFILING, ILLEGAL SEIZURE**<br>2. **DEPRIVATION OF CIVIL RIGHTS PURSUANT TO 42 U.S. CODE § 1983, UNREASONABLE SEARCH**<br>3. **FAILURE TO TRAIN AND SUPERVISE**<br>4. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br>5. **INTENTIONAL MISREPRESENTATION** |

**COMPLAINT**

**Jury Demand**

1.      This action seeks money damages because of Oceanside Police Officers

participation in the wrongful deprivation of Plaintiff's Constitutional rights. Plaintiff alleges

that all of the Defendants acted under color of state law and violated Plaintiff's rights under the

CHISHOLM WIGHT LAW
1759 Oceanside Blvd. Ste C, # 159
Oceanside, CA 92054
(760) 978-8037

Fourth and Fourteenth Amendments to the Constitution of the United States. Plaintiff also brings two state law claims pursuant to this Court's supplemental jurisdiction.

**Jurisdiction**

2.      This Court has jurisdiction over Plaintiff's federal claim under 28 U.S.C. §§ 1331. The Court has supplemental jurisdiction over Plaintiff's state law claims, under 28 U.S.C. § 1367.

3.      Venue in the United States District Court for the Southern District of California is proper pursuant to 28 U.S.C. § 1391 because the events or omissions giving rise to Plaintiff's claims occurred in this District.

**Parties**

4.      CHISHOLM S. WIGHT (Plaintiff) is an individual who is, and at all times relevant to this Complaint. Plaintiff is a California citizen and a resident of Oceanside, North County of San Diego, California.

5.      Defendants' CITY OF OCEANSIDE, and OCEANSIDE POLICE DEPARTMENT are public entities that acted in concert with the other Defendants in the violation of Plaintiff's Constitutional rights.

6.      Oceanside Police Chief FRED ARMIJO, Oceanside Police Officer DANIEL POST, RYAN HEINZE and CISNEROS are individuals (Defendants').

7.      The individual Defendants named are employed by the Defendant City of Oceanside, Oceanside Police Department and at all times relevant hereto acted in concert with the other Defendants and under color of state law are being sued both in their official and individual capacity.

CHISHOLM WIGHT LAW
1759 Oceanside Blvd. Ste C, # 159
Oceanside, CA 92054
(760) 978-8037

CHISHOLM WIGHT LAW
1759 Oceanside Blvd. Ste C, # 159
Oceanside, CA 92054
(760) 978-8037

8.     DOE Defendants 1 through 50 are persons unknown to Plaintiff, who were acting as agents and/or employees of Defendants', CITY OF OCEANSIDE, and OCEANSIDE POLICE DEPARTMENT (Defendants) at all times relevant to this Complaint, and who were, in some manner, responsible for the events and occurrences hereinafter set forth.

9.     Plaintiff will amend this Complaint to state the true names and capacities of DOE defendants when such identities have been ascertained.

10.     In doing the acts and engaging in the conduct hereinafter alleged, each individual Defendants was the agent, principal, employee, servant, employer, successor, alter ego, joint ventures, partner and/or co-conspirator of each of the other Defendants herein.

11.     The Defendants herein were, at all relevant times, acting within the course and scope of their agency, service, and employment and with the consent of all other Defendants.

12.     Wherever reference is made herein to an act of a Defendant, such allegation shall be deemed to mean the acts of the Defendants named in this Complaint, and each of them, acting individually, jointly, and severally.

**Allegations Common to All Claims**

13.     Defendants are public entities, state, local entities and or officials and as such, are mandated to comply with the United States Constitution and federal rules, statutes and or regulations to include all applicable California State Codes, Statutes, and City of San Diego policies, and regulations governing police brutality, or use of force and discrimination against the public.

14.     On October 23, 2022, at or about 9:43 P.M. Nevan Leckman called 911 and reported that he witnessed a white male point a gun at another person in the parking structure located at 290 Seagaze Drive, in downtown Oceanside, California.

15.     Mr. Leckman stated that the white male with the gun was in a black BMW X3.

16.     Mary Smith also called 911 and reported that she saw a white male with a gun get into a black BMW after pointing the gun at a black male.

17.     Defendant Daniel Post #1502 was at the corner of Seagaze Drive and N. Cleveland Street responding to a vandalism complaint when dispatch relayed the 911 call to officers in the area to be on the lookout for a white male with a gun at the parking structure driving a black SUV BMW X3.

18.     At about 9:44 P.M. Officer Post responded to the man with a gun call and stated over the radio that he was "97" or on the scene and told dispatch that "they are pulling out the, it's a Lexus, silver Lexus and BMW,… I'm on pursuit right now, they just did blow a stop sign,… I'll be at Coast and Mission, **I don't know if this is related**, If you guys want to release one unit and go back to the transit or OTC."

19.     Defendant Post was advised by dispatch that the suspect with the gun was a white male in a black BMW X3 SUV.

20.     Defendant Post acknowledged that he saw the black BMW leaving the parking structure and "blow a stop sign," at a high rate of speed.

21.     But Defendant Post extended privilege to the white male in the black BMW and did not pursue the perpetrator's vehicle, instead, Post pursued a vehicle with minorities which he stated he was not sure if it was related to the instant offense.

22.     Furthermore, Post intentionally failed to advise other units which direction the perpetrators black BMW traveled when it left the parking structure.

23.     Defendant Post stated after he pulled over the Plaintiff that one unit should be released to go back to the transit center to look out for the black BMW which he knew was no

CHISHOLM WIGHT LAW
1759 Oceanside Blvd. Ste C, #159
Oceanside, CA 92054
(760) 978-8037

longer in the area because he saw it leave the transit center and proceed through South Coast Highway.

24.    Defendant Post and his fellow officers did not draw their weapons when they approached Plaintiff's vehicle.

25.    Defendant Post stated that he was detaining Plaintiff's vehicle for a traffic violation, he alleged that Plaintiff was going 35 miles per hour in a 25 mile per hour zone.

26.    Defendant Post asked Plaintiff and his passengers for their identification. Plaintiff and his passengers were respectful and complied with Defendant's commands.

27.    Plaintiff and his passengers are identified, Plaintiff is an 18-year-old male recent high school graduate, and his two passengers are minors, a 17-year-old male and a 16-year-old male who still attend high school.

28.    Defendant Post then asked Plaintiff about the incident at the parking garage. Plaintiff and his passengers corroborate the 911 callers reports that a white male in the black BMW had a gun and that they left because they did not want any problems.

29.    Plaintiff's passengers were then removed from the vehicle allegedly for officer safety and handcuffed. Defendant Post then removed Plaintiff from the driver seat and asked if he could search the vehicle. Plaintiff denied the request to search his vehicle.

30.    Defendant officer Cisneros then used his K9 Chico to search the vehicle for a firearm. The driver's door was left open when Plaintiff was removed from the vehicle.

31.    Defendant Cisneros brought Chico to the driver's side open door and said "buscar (search in Spanish)." Chico responded by jumping into the interior of the vehicle through the open driver's door and began to search the entire interior of the vehicle for a firearm.

CHISHOLM WIGHT LAW
1759 Oceanside Blvd. Ste C, # 159
Oceanside, CA 92054
(760) 978-8037

32.     Chico did not detect a firearm in the vehicle and exited the vehicle after a thorough search.

33.     Defendant Cisneros again said "buscar" and Chico jumped back into the interior of the vehicle and began another thorough search and then exited the vehicle after he failed to detect or alert to a firearm.

34.     Cisneros then said "buscar, check here buddy, buscar" and pointed at the driver's floorboard encouraging Chico to go back into the interior of the vehicle to search the driver's side floor which Chico did, Chico searched the entire interior of the vehicle for a third time but still failed to alert or detect a firearm.

35.     When Chico exited the vehicle for the third time Cisneros said "touche buscar" and Chico jumped back into the vehicle and began another thorough search of the interior of Plaintiff's vehicle, but Chico still did not detect or alert to a firearm.

36.     Chico searched the entire interior of the vehicle for over three minutes before Cisneros called off the search.

37.     Following Chico's search, Defendant Post, and Defendant Ryan Heinze #1528 decided to conduct a weapons pat down on the vehicle.

38.     Defendant Heinze searched the driver's side of the vehicle and saw a brown Louis Vuitton bag on the floorboard partially under the driver's seat.

39.     Defendant Heinze states in his report that he patted down the bag and felt a hard object through the bag that felt like the shape of a gun and that the bag was open, and that he looked inside and discovered a small framed, 9mm Ruger SR9C semi-auto pistol (SN: 33367560).

CHISHOLM WIGHT LAW
1759 Oceanside Blvd. Ste C, # 159
Oceanside, CA 92054
(760) 978-8037

CHISHOLM WIGHT LAW
1759 Oceanside Blvd. Ste C, #159
Oceanside, CA 92054
(760) 978-8037

40.     However, on Defendant Heinze's body worn camera footage you can see that the bag was closed, and that Officer Heinze opened the bag and looked inside it to make the alleged discovery.

41.     Defendant Post alleged in his report that Plaintiff appeared to be nervous and displayed symptoms of being nervous, but never said to Plaintiff during the detention that Plaintiff appeared to be nervous.

42.     After Plaintiff was arrested and taken to the police department, Defendant Post made it a point before Plaintiff was transported to jail to have captured on the transporting officers body worn camera footage the following: Defendant Post said to the Plaintiff "when I stopped you dude, your breathing, your freaking terrified, I 100% knew you had a gun, I knew it, so ahh, I'm just glad that, that's why I told you dude, hey It's going to be okay, I just didn't want there to be a shoot-out."

43.     Plaintiff was charged with 1 count of carrying a loaded firearm on his person or in a vehicle in violation of Penal Code Section 25850(a) and taken to the Vista Detention Facility.

## FIRST CLAIM
### VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS; Racial Profiling, Illegal Seizure - 42 U.S.C. § 1983
**(Against Defendants Daniel Post, Ryan Heinze, Cisneros and DOES 1 through 50)**

44.     Plaintiffs incorporate by reference all prior paragraphs in this Complaint as fully set forth at this point.

45.     The traffic stop at its inception was baseless.

46.     Defendant Daniel Post had no objectively reasonable basis to believe that Plaintiff had committed any criminal offense.

CHISHOLM WIGHT LAW
1759 Oceanside Blvd. Ste C, #159
Oceanside, CA 92054
(760) 978-8037

47.    The Public entity Defendants at all times relevant to this action were acting under color of state law.

48.    Individual Defendants Fred Armijo, Daniel Post, Ryan Heinze and Officer Cisneros and DOES were caring out their duties under the color of state law when they racially profiled, racially discriminated and illegally seized Plaintiff's vehicle in violation of 42 U.S.C. § 1983.

49.    Defendant Daniel Post pulled over the Plaintiff who was the victim because he was not white, and treated the Plaintiff like the criminal and extended privilege to the white male by allowing the white male to get away who he saw in the black BMW that matched the description of the perpetrator that committed the crime.

50.    The traffic stop was wrongful because it was race based and constituted a seizure because Plaintiff was not allowed to leave.

51.    At all times relevant hereto, Plaintiff had a right clearly established under the Fourth Amendment to the United States Constitution and enforceable against the States through the Due Process Clause of the Fourteenth Amendment to be free from unreasonable searches and seizures. The seizure of Plaintiff while driving violated these rights.

52.    The individual Defendants conduct deprived the Plaintiff of his Fourth and Fourteenth Amendment right under the United States Constitution and caused Plaintiff's severe emotional distress.

53.    Defendants City of Oceanside, Oceanside Police Department and Fred Armijo, Daniel Post, Ryan Heinze and Officer Cisneros unlawfully deprived Plaintiff of his equal protection and due process rights by racially profiling Plaintiff and illegally seizing his vehicle in violation of the Fourteenth Amendment to the Constitution of the United States.

CHISHOLM WIGHT LAW
1759 Oceanside Blvd. Ste C, #159
Oceanside, CA 92054
(760) 978-8037

54.    Defendants made an unreasonable and warrantless detention and the seizure of Plaintiff's vehicle and person in violation of the Fourth Amendment to the Constitution of the United States as incorporated and applied to the states by way of the Fourteenth Amendment to the Constitution of the United States.

55.    At all times relevant hereto, Defendants acted pursuant to a city or police department policy or custom of racially profiling, discrimination and illegal searches and seizure of private citizens of Black, Hispanic or Polynesian descent.

56.    Defendants' City of Oceanside and the Oceanside Police Department failed to adopt clear policies and failed to properly train its officers as to the proper role of officers with regard to racially profiling citizens and conducting illegal searches in violation of private citizens Fourth and Fourteenth Amendment rights.

57.    Defendants' City of Oceanside and the Oceanside Police Department policies or customs, and its failure to adopt clear policies and failure to properly train its officers, were a direct and proximate cause of the constitutional deprivation suffered by Plaintiff.

58.    Defendants subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiffs' constitutional rights, and intentionally misrepresented or concealed material facts known to Defendant with the intention of depriving Plaintiff of legal rights and causing emotional (mental anguish), and financial injury to Plaintiff.

59.    Plaintiff is further informed and believes, and based thereon alleges, that Defendants acted with full knowledge of the consequences and injuries caused to Plaintiff.

60.    The conduct described herein by Defendants constitutes malice, oppression, or fraud, as conduct intended to cause injury to the Plaintiff or despicable conduct carried on with a willful and conscious disregard of the Constitutional rights or safety of Plaintiff.

61.     Accordingly, Plaintiff is entitled to punitive damages against Defendants, and each of them, in a sum according to proof at trial.

## SECOND CLAIM
## VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS; Unreasonable Search - 42 U.S.C. § 1983
**(Against Defendants Daniel Post, Ryan Heinze, Cisneros and DOES 1 through 50)**

62.     Plaintiff incorporates by reference all prior paragraphs in this Complaint as fully set forth at this point.

63.     On October 23, 2022, at or about 9:43 P.M. Defendant Daniel Post, Ryan Heinze and Officer Cisneros had no articulable facts to support a reasonable suspicion that Plaintiff had or was in the process of or was about to engage in a violation of the law, that Plaintiff was armed or dangerous, or any other basis on which to justify the two searches of Plaintiff's vehicle.

64.     Both the search with K9 Chico and the vehicle pat down constituted an unreasonable, illegal, and unconstitutional search, because Officer Cisneros encouraged Chico to jump into Plaintiff's vehicle on multiple occasions, and despite Chico not detecting or alerting to a firearm, Post and Heinze without adequate probable cause conducted a pat down of Plaintiff vehicle after Chico's search.

65.     At no time was Plaintiff under arrest.

66.     The individual Defendants acted with actual malice in each search, which occurred as part of a vehicular stop and search motivated by an improper motive, *i.e.*, Racial profiling or race-based discrimination.

67.      Coextensively, in addition and/or in the alternative, the individual Defendants acted with sufficient state of mind for punitive damages to issue under 42 U.S.C. § 1983.

CHISHOLM WIGHT LAW
1759 Oceanside Blvd. Ste C, # 159
Oceanside, CA 92054
(760) 978-8037

Defendants acted with evil motive or intent or reckless or callous indifference to Plaintiff's

federally protected rights.

68.     Defendants who searched Plaintiff while acting under color of California law,

violated Plaintiff's rights under the Fourth Amendment to the United States Constitution and is

liable to Plaintiff under 42 U.S.C. § 1983 and are denied governmental immunity and are liable

to Plaintiff under California common law.

69.     Plaintiff suffered damages, including economic and non-economic injuries as a

consequence of these violations.

### THIRD CLAIM
### Failure to Train or Supervise-42 U.S.C. § 1983
### (Against Defendants City of Oceanside, Oceanside Police Department and Police Chief Fred Armijo)

70.     Plaintiff incorporates by reference all prior paragraphs in this Complaint as fully

set forth at this point.

71.     The City of Oceanside and Oceanside Police Department and Police Chief Fred

Armijo are liable pursuant to 42 U.S.C. § 1983 for the failure to train their officers not to

engage in traffic stops on the basis of racial profiling and illegal searches and seizures.

72.     The City of Oceanside and the Oceanside Police Department hired Officers Fred

Armijo, Daniel Post, Ryan Heinze, and Cisneros.

73.     Officers Fred Armijo, Daniel Post, Ryan Heinze, and Cisneros became unfit or

incompetent to perform the work for which they were hired because they could not be impartial

and would racially discriminate against persons who are not white.

74.     The City of Oceanside and the Oceanside Police Department knew or should

have known Officers Fred Armijo, Daniel Post, Ryan Heinze, and Cisneros became unfit or

CHISHOLM WIGHT LAW
1759 Oceanside Blvd. Ste C, # 159
Oceanside, CA 92054
(760) 978-8037

CHISHOLM WIGHT LAW
1759 Oceanside Blvd. Ste C, #159
Oceanside, CA 92054
(760) 978-8037

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

incompetent to perform the work for which they were hired, and that this incompetence created the particular risk to others. The need for training to eradicate racial profiling in traffic stops is not only generally known but is required by the California Racial Profiling and Identity Act of 2015 (requiring adoption of policy and training against race-based traffic stops by law enforcement officers) due to the prevalence of the practice. Race-based traffic stops are a known course of conduct by Oceanside law enforcement having manifest potential for causing constitutional deprivations to persons on the basis of race, in this instance because Plaintiff is not white.

75.     The failure to train officers against race-based discrimination in traffic stops was so profound that, as part and parcel of the racial profiling stop of Plaintiff, Defendant Officers did not merely subject Plaintiff to a traffic stop, but to an act of degradation and dehumanization that can only occur if an officer holds a deep rooted racial bias against the people he is to serve, and believes his conduct has at least the tacit approval of his employer, that approval conveyed in part by the failure to train. Likewise, Defendant Fred Armijo, Ryan Heinze, Cisneros and DOE's failure to intervene and hold Daniel Post responsible reflects that The City of Oceanside, Oceanside Police Department racial profiling and extreme misconduct is not aberrational, but part of a city policy, custom or culture and institution which tolerates such conduct. The failure to train officers against racial profiling by Oceanside Police and the City of Oceanside was a moving force behind the racial profiling, traffic stop, and illegal search of Plaintiff.

76.     Defendants' edict regarding racial profiling and illegal searches may be said to represent official policy and is a substantial factor in causing Plaintiff's injury.

77.    The need for training to prohibit racial profiling, racial discrimination, illegal searches is obvious, as the authority granted to police officers to search is subject to limitations without which constitutional violations are certain to occur. Furthermore, there have been many reports in news media of racial profiling, discrimination, and illegal searches by law enforcement, reflecting use of this tactic in increasing volume nationally.

78.    The City of Oceanside and the Oceanside Police Department's failure to train constituted deliberate indifference and caused the constitutional violation and injuries complained of by Plaintiff.

79.    The City of Oceanside and the Oceanside Police Department have a reputation for misconduct so pervasive that, when Plaintiff reported the incident to the City of Oceanside and Oceanside Police Department, the City Clerk, City Attorney, Police Chief Fred Armijo and DOES denied, and defended the wrongful conduct. The officers involved indicated a lack of concern about having a complaint filed against them. The Defendant public entities and individuals to include DOES are, therefore, liable to Plaintiff under California common law torts of negligent failure to train and negligent failure to supervise for all the state constitutional violations committed by the City of Oceanside and Oceanside Police Department alleged herein.

**FOURTH CLAIM**
**Intentional Infliction of Emotional Distress**
**(Against Defendant Daniel Post, Ryan Heinze, and Cisneros and DOES)**

80.    Plaintiff incorporates by reference all prior paragraphs in this Complaint as fully set forth at this point.

81.    Defendants' Daniel Post, Ryan Heinze, and Cisneros conduct was outrageous by the way they racially profiled, harassed and conducted an illegal search of Plaintiff who

CHISHOLM WIGHT LAW
1759 Oceanside Blvd. Ste C, #159
Oceanside, CA 92054
(760) 978-8037

Defendants knew was a victim of the crime they were dispatched to investigate. Defendants subjected Plaintiff to public humiliation, and incarceration as they allowed the perpetrator of the crime to get away because he was a white male.

82.     Defendants' Daniel Post, Ryan Heinze, and Cisneros intended to cause Plaintiff emotional distress.

83.     Defendant Daniel Post knew the Plaintiff was a victim of an assault by a white male and allowed the white male to flea as he detained, harassed, and treated the victims (Plaintiff and his passengers) as criminals.

84.     The Plaintiff suffered severe emotional distress, and the individual Defendants conduct was a substantial factor in causing Plaintiff's severe emotional distress.

### FIFTH CLAIM
### Intentional Misrepresentation
### (Against Defendant Daniel Post)

85.     Plaintiff incorporates by reference all prior paragraphs in this Complaint as fully set forth at this point.

86.     Defendant Daniel Post intentionally misrepresented in his report and to the Plaintiff that Plaintiff looked nervous to convince Plaintiff that Defendant had probable cause to search Defendant's vehicle based on Plaintiff's nervousness.

87.      Defendant Post's representation about Plaintiff's nervousness was false.

88.     Defendant Post knew the representation was false when he made it.

89.     Defendant Post intended that Plaintiff rely on the false representation that Plaintiff appeared to be nervous.

90.     Plaintiff reasonably relied on Defendant Post's representation about his nervousness.

CHISHOLM WIGHT LAW
1759 Oceanside Blvd. Ste C, # 159
Oceanside, CA 92054
(760) 978-8037

91.     Plaintiff was harmed and Plaintiff's reliance on Defendant Post's representation about his nervousness was a substantial factor in causing Plaintiff's harm.

## PRAYER FOR RELIEF ON ALL CAUSES OF ACTION

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. For general damages according to proof at the time of trial, for the severe emotional distress, mental pain and anguish and discomfort and annoyance to Plaintiff, according to proof;

B. For special damages according to proof at the time of trial including incidental expenses, and all other sums of money, together with interest on these amounts, according to proof;

C. For reasonable attorney fees and cost in this action pursuant to 42 U.S.C. §§ 1983 and 1988;

D. Appropriate injunction relief, including the implementation of training protocols to prevent and effectively discipline the conduct complained of herein; and,

E. For punitive/and or exemplary damages;

F. And any other relief that is just and proper.

Dated:  March 27, 2023                                    **CHISHOLM WIGHT LAW**

                                                    By:    _____
                                                           Chisholm P. Wight Esq.
                                                           Attorney for Plaintiff

CHISHOLM WIGHT LAW
1759 Oceanside Blvd. Ste C, # 159
Oceanside, CA 92054
(760) 978-8037