UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHISHOLM S. WIGHT,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF OCEANSIDE, a public entity; OCEANSIDE POLICE DEPARTMENT, a public entity; FRED ARMIJO, an individual; DANIEL POST, an individual; RYAN HEINZE, an individual; K9 OFFICER CISNEROS, an individual; and DOES 1 through 50 inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 23-cv-00540-AJB-NLS<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' EX PARTE APPLICATION** |

　　　Presently pending before the Court is Defendants City of Oceanside, Oceanside Police Department, Fred Armijo, Daniel Post, Ryan Heinze, and K9 Officer Cisneros's (collectively, "Defendants") *ex parte* application to stay the action, or in the alternative, continue the time to file a responsive pleading. (Doc. No. 4.) Defendants argue that pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), the Court should stay the instant action pending the outcome of the underlying state court case. (*Id.* at 4.)

　　　Plaintiff opposes Defendants' *ex parte* application, arguing there is no emergency here to warrant *ex parte* relief and that Plaintiff should be accorded the usual amount of notice to write an opposition, and that Plaintiff is not accorded an opportunity to fairly

23-cv-00540-AJB-NLS

pursue his constitutional claims in the ongoing state proceedings. (Doc. No. 5.)

*Ex parte* relief is rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). To warrant *ex parte* relief, the moving party must show that it will suffer irreparable harm if the motion is not heard on an expedited schedule and that it either did not create the circumstances warranting *ex parte* relief or that the circumstances occurred as a result of excusable neglect. *Id.* at 492; *see also Hammett v. Sherman*, No. 19-CV-605 JLS (LL), 2019 WL 8013763, at *1 (S.D. Cal. Sept. 23, 2019). Defendants have failed to make either showing in their Application. Moreover, *ex parte* motions do not allow the nonmoving party to be heard either orally or in writing, defeating the purpose of the adversary system, and thus are nearly always improper, and available only in unusual circumstances. *Mission Power*, 883 F. Supp. at 489.

The Court finds this is not a matter such as a simple extension request that may be properly decided on an *ex parte* application. To decide this matter fairly, the Court requires full briefing on the issue. Thus, Defendants' *ex parte* application to stay the action is **DENIED WITHOUT PREJUDICE**. Moreover, in light of Defendants' motion to dismiss, filed on April 17, 2023, (*see* Doc. No. 6), the Court **DENIES AS MOOT** Defendants' *ex parte* application to continue time to file a responsive pleading. To the extent Defendants continue to seek the relief requested, they must file the motion in accordance with the rules of this Court and provide notice of it to Plaintiff.

**IT IS SO ORDERED.**

Dated: April 20, 2023

Hon. Anthony J. Battaglia
United States District Judge